agreement to convey for a consideration and the acceptance thereof by respondent. Cleveland v. Williams, 29 Tex. 204; Hughes v. Smith, 61 Tex.Civ.App. 443, 129 S.W. 1142; Sabine Motor Co. v. W. C. English Auto Co., Tex.Com.App., 291 S.W. 1088, 1091; Moffitt v. Hieby, 149 Tex. 161, 229 S.W.2d 1005, 37 Tex.Jur. 100, Section 18; 77 C.J.S., Sales, § 5, p. 588. There is no statutory requirement that title to a trailer be transferred by written bill of sale or certificate of title.

The testimony of respondent, C. P. Hughes, is conclusive that he was the owner of the Nabors trailer, and, therefore, no jury question was presented. Reed v. Markland, Tex.Civ.App., 173 S.W.2d 346, error refused, want of merit. Our holding on this point renders it unnecessary to discuss the other points presented in the application for writ of error.

The judgments of the trial court and the Court of Civil Appeals are reversed and judgment is here rendered that respondent take nothing.

CULVER, J., not sitting.

## CISNEROS v. STATE.
### No. 26277.

Court of Criminal Appeals of Texas.

Feb. 25, 1953.

No attorney on appeal.

George P. Blackburn, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Appellant was convicted for the offense of driving an automobile upon a public highway while intoxicated, and his punishment was assessed at a fine of $75.

The complaint and information, as well as all matters of procedure, appear regular. The record is before us without a statement of facts and bills of exception, in the absence of which nothing is presented for review.

The judgment of the trial court is affirmed.

Opinion approved by the Court.